UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
HASNA JALAL,

                      Plaintiff,

v.

Superstructures Inc. and
Superstructures Engineering & Architecture PLLC,
and ANITA DZIPENA, individually,

                      Defendants.
-----------------------------------------------------------------X

**COMPLAINT**
**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

      Plaintiff, Hasna Jalal, through her counsel, DEREK SMITH LAW GROUP PLLC, hereby submits this Complaint and complains of the DEFENDANTS, upon information and belief, as follows:

## NATURE OF CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991), Pub. L. No. 102-166 ("Title VII"), 42 U.S.C. § 1981, and The New York State Executive Law, New York City Human Rights Law, and seeks damages to redress the injuries Plaintiff suffered as a result of being exposed to a hostile work environment, retaliation, race discrimination, religious discrimination, national origin discrimination and wrongful discharge.

2. Jurisdiction of this action is conferred upon this Court as this action involves a federal question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City Causes of Action.

3. Venue is proper in this District base upon Defendants residency and place of business within New York County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

4. On or about January 14, 2016, Plaintiff filed charges with the EEOC against Defendants as set forth herein.

5. On or about March 31, 2016, the EEOC mailed a Right to Sue Letter to Plaintiff.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## PARTIES

7. Plaintiff is a Muslim-American female who resides in the State of New York.

8. Defendant Superstructures, Inc. (herein referred as "Superstructure", "Defendant", or "Defendants." is a professional firm dedicated to the preservation of buildings and infrastructure.

9. Defendant Superstructure is a domestic corporation doing business in the New York State.

10. Defendant Superstructures Engineering & Architecture PLLC (herein referred as "Superstructure", "Defendant", or "Defendants." is a professional firm dedicated to the preservation of buildings and infrastructure.

11. Defendant Anita Dzipena (herein "Anita", "Defendant", or "Defendants.) was and is the comptroller for Defendant corporation.

12. At all times material, Anita was Plaintiff's supervisor.

13. At all material times, Defendants Superstructures, Inc. and Superstructures Engineering & Architecture PLLC were co-employers of Plaintiff.

14. At all times herein mentioned, Defendant Superstructures, Inc., and Superstructures Engineering & Architecture PLLC were joint employers of the Plaintiff.

15. Defendant Superstructures, Inc. and controlled by Defendant Superstructures Engineering & Architecture PLLC are so interrelated as to constitute one single employer.

## FACTS

16. Plaintiff's start date was on or around November 17, 2015

17. Defendants hired Plaintiff as a staff accountant.

18. Plaintiff worked under Defendants' Comptroller Aneta Dzipena.

19. Shortly after commencing her employment, Defendants' supervisor Ms. Dzipena asked Plaintiff the history of her family origin.

20. Plaintiff replied that she is French on her paternal side.

21. Plaintiff is originally from Morocco and received her undergraduate degree from Arizona State University and has a graduate degree from New York University.

22. Prior to revealing that she was Muslim, Defendants praised Plaintiff's work efforts.

23. On or about December 7, 2015, Plaintiff was overheard talking to her parents on the telephone by Ms. Dzipena.

24. Plaintiff spoke in her native language of Arabic.

25. Ms. Dzipena asked Plaintiff "What language are you speaking?"

26. Plaintiff replied, "Arabic."

27. Ms. Dzipena stated to Plaintiff "I thought you were French?"

28. Plaintiff responded "I am French but I'm Arabic as well."

29. Defendants' employee responded "You are not Muslim, are you?"

30. Plaintiff responded in the affirmative.

3

31. Ms. Dzipena stated to Plaintiff "If I knew you were Muslim I would not have hired you."

32. On or around the following day, Ms. Dzipena stated to Plaintiff "I have to walk and watch my back before some Arab terrorist snatches my purse or bombs me."

33. Later on that same day, Ms. Dzipena stated to Plaintiff, "This country is better off without any Arabs, it will definitely be a much safer country."

34. On or about December 9, 2015, Ms. Dzipena stated to Plaintiff, "All Arabs should be working with their own kind at 7-11."

35. On or about December 10, 2015, Ms. Dzipena stated, "I don't know why these Muslim women wear that towel on their heads.?

36. Ms. Dzipena then turned to Plaintiff and stated "You know you won't have a job if you decide to wear it."

37. Later on December 10, 2015, Ms. Dzipena stated "Trump is totally right, finally someone is standing up to Arab animals. We should ban them all."

38. On multiple occasions Plaintiff told Defendant Dzipena that her comments were offensive.

39. On December 17, 2015, Defendants terminated Plaintiff in retaliation for opposing discrimination due to her religion, race, and national origin.

40. At the time of her termination, Plaintiff performed her job at a satisfactory level.

41. After Defendants wrongfully terminated Plaintiff, Plaintiff spoke to one of the references that Defendants' Comptroller Ms. Dzipena called prior to offering Plaintiff the position.

42. The gentleman stated that he had a twenty-five-minute conversation with Defendants' Comptroller Ms. Dzipena in which she inquired if Plaintiff was Muslim.

43. He stated in that conversation with Defendant Dzipena that he did not know if Plaintiff was Muslim.

44. He stated that Ms. Dzipena stated to him "Good. I don't want any those people and I would never hire them."

45. She further stated, "those people are disgusting and should all be deported."

46. The reference further asked Defendants' supervisor, "What if she was Muslim or Arab, what would you do?"

47. Ms. Dzipena replied, "I don't think she is, and if she was I would fire her."

48. Plaintiff started to see a therapist to deal with the derogatory and clearly racist manner in which she was treated by Defendants.

49. Plaintiff has suffered emotional distress due to the discrimination she suffered.

50. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against Defendants. Plaintiff seeks reinstatement, back pay, front pay, all lost wages and earning capacity, punitive damages, damages for emotional distress, physical injuries, medical expenses and attorney's fees.

51. It is clear that Defendants have a pattern and practice of discrimination.

52. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff on an ongoing continuous basis.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (not against individual defendants)

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a)     Employer practices, It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual

with respect to his compensation, terms, conditions, or privileges of employment, because of
such individual's race, color, religion, sex, or national origin; . . .

55. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et
seq., by allowing religious discrimination, race discrimination, harassment, and causing a
hostile work environment.

### AS A SECOND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (not against individual defendants)

56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of
this complaint.

57. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a)
provides that it shall be unlawful employment practice for an employer:

58. "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any
practice made an unlawful employment practice by this subchapter, or because [s]he has
made a charge, testified, assisted or participated in any manner in an investigation,
proceeding, or hearing under this subchapter."

59. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e et
seq. by retaliating against Plaintiff with respect to the terms, conditions or privileges of
employment because of her opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER NEW YORK STATE LAW

60. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of
this complaint.

61. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

62. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

65. "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

66. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding and abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK STATE LAW

67. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

68. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of the age, race, creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

69. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff through religious discrimination, race discrimination, harassment, and causing a hostile work environment.

70. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

## AS A SIXTH CAUSE OF ACTION
## DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

71. Plaintiff repeats and realleges by this reference the allegations set forth in the above paragraphs of this complaint.

72. Section 1981 states as follows, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

73. The section further states that "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and

the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

74. Defendants' discrimination against Plaintiff is in violation of the rights of Plaintiff as afforded to her by the Civil Right Act of 1866, 42 U.S.C. 1981.

75. By the conduct described above, Defendants intentionally deprived the Plaintiff a Muslim-American female of the same rights as are enjoyed by White citizens to the creation, performance, enjoyment, and all benefits and privileges of her contractual employment relationship with Defendants.

76. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to injunctive and equitable monetary relief; and have suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling her to compensatory damages.

77. Defendants acted with malice or reckless indifference to the rights of the above-named Muslim-American thereby entitling her to an award of punitive damages.

78. To remedy the violations of the rights of Plaintiff secured by Section 1981, Plaintiff requests that the Court award her the relief prayed for below.

<u>AS A SEVENTH CAUSE OF ACTION</u>
<u>FOR DISCRIMINATION UNDER</u>
<u>THE NEW YORK CITY ADMINISTRATIVE CODE</u>

79. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

80. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . , to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

81. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**

82. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

84. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A NINTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE**
**NEW YORK CITY ADMINISTRATIVE CODE SUPERVISORY LIABILITY**

85. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

86. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides:

87. a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section. b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

i. the employee or agent exercised managerial or supervisory responsibility; or

ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

88. Defendants violated the above section as set forth herein.


## AS A TENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## INTERFERENCE WITH PROTECTED RIGHTS

89. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

90. New York City Administrative Code Title 8-107(19) Interference with protected rights.

91. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

92. Defendants violated the section cited herein as set forth.

## AS AN ELEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER NEW YORK CITY LAW

93. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

94. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

95. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of religion discrimination, national origin discrimination and hostile work environment.

96. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, New York
       April 27, 2016

DEREK SMITH LAW GROUP PLLC

By: _____
John C. Luke, Jr.
30 Broad Street, 35th Floor
New York, N.Y. 10004
(212) 587 – 0760
(212) 587 – 4169
*Attorneys for Plaintiff*

13